UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: 26-cv-20836-KMM

JAIME A. DAVIDSON,

      Plaintiff,

v.

J&N RECORDS, INC.
d/b/a J& N Music Group,
et. al.,

      Defendants.

_____/

**ORCHARD ENTERPRISES NY, INC.'S JOINDER OF DEFENDANTS'
SONY MUSIC HOLDINGS INC. AND SONY MUSIC ENTERTAINMENT US
LATIN LLC'S MOTION TO DISMISS THE CONSOLIDATED COMPLAINT WITH
ADDITIONAL ARGUMENTS AND INCORPORATED MEMORANDUM OF LAW**

Defendant Orchard Enterprises NY, Inc. (incorrectly sued as "The Orchard Enterprises

NY, Inc.") ("The Orchard") respectfully moves this Court for an order dismissing all claims

asserted against it in the Consolidated Complaint ("CC") (D.E. 37) filed by *pro se* Plaintiff Jaime

A. Davidson *with prejudice*, and in support thereof states as follows:

**JOINDER**

Orchard Enterprises NY, Inc. expressly adopts, incorporates by reference, and realleges as

if fully set forth herein each argument, legal standard, factual recitation, and ground for dismissal

advanced in the Motion to Dismiss filed by Sony Music Holdings Inc. and Sony Music

Entertainment US Latin LLC (the "Sony Motion") (D.E. 52) because those arguments apply with

equal or greater force to The Orchard. Indeed, the allegations against The Orchard in the

Consolidated Complaint are no more detailed than the threadbare, legally deficient allegations

against Sony identified in the Sony Motion. (*Compare, e.g.*, CC ¶ 23 and ¶ 143 *with* CC ¶ 22 and

The Hachar Law Group
15150 NW 79th Ct., Suite 102, Miami Lakes, Florida 33016

¶ 140).

For the reasons set forth in the Sony Motion, each of the claims in the Consolidated Complaint purportedly alleged against The Orchard should be dismissed with prejudice and leave to re-plead yet again should be denied.

<b>ADDITIONAL ARGUMENT</b>

**I.     The Consolidated Complaint Is an Impermissible Shotgun Pleading That Fails to Provide The Orchard Adequate Notice of the Claims Against It**

A complaint must give "adequate notice of the claims against each Defendant," not merely notice of the dispute at large. *Magnum Constr. Mgmt., LLC v. WSP USA Sols., Inc*., 522 F. Supp. 3d 1202, 1206 (S.D. Fla. 2021).

Each count of Plaintiff's Consolidated Complaint mechanically re-alleges all preceding paragraphs, sweeping irrelevant allegations into every count and making it impossible to determine which factual allegations support which legal theories against which defendants. *Magluta v. Samples*, 256 F.3d 1282, 1283 (11th Cir. 2001); *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1358 (11th Cir. 2018). For example, the "Feliz Navidad" allegations concern only the J&N Defendants and appear nowhere in any allegations concerning The Orchard, yet they are swept into every count through the mechanical re-incorporation device.  Indeed, the same type of disjunctive, verb string allegations based on "information and belief" targeted in the Sony Motion are also made against The Orchard. (*Compare*, *e.g.*, CC ¶ 143 *with* CC ¶ 140.)

The Consolidated Complaint as to The Orchard must be dismissed in its entirety under Fed. R. Civ. P. 8 on shotgun-pleading grounds alone.

2

**II.     The Consolidated Complaint Fails to Articulate Any Basis for Including The Orchard in Count I**

Count I of the Consolidated Complaint asserts a claim for declaratory relief and ownership of the sound recordings embodied in the "Donde Lo Conseguiste" album. The count is directed principally at the J&N Defendants, though it impermissibly uses the group pleading term "Defendants", and concerns the contractual and ownership dispute over recordings arising from Plaintiff's alleged agreement with the J&N Defendants.

The Consolidated Complaint does not allege any ownership assertion by The Orchard over the sound recordings at issue in Count I. And it does not allege that The Orchard is a party to any agreement that purportedly settles the ownership of the recordings, or that The Orchard has taken any position adverse to Plaintiff's alleged ownership rights.

A declaratory judgment claim requires an actual, justiciable controversy between the parties. *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007). As no ownership dispute exists between Plaintiff and The Orchard, and because the Plaintiff has no viable copyright claim to pursue against it, there is no case or controversy sufficient to support Plaintiff's declaratory judgment claim against The Orchard.

Count I must therefore be dismissed as to The Orchard.

**III.     Plaintiff Fails to Plead Direct Infringement Against The Orchard**

The allegations directed at The Orchard consist solely of disjunctive verb strings: that The Orchard "distributed, delivered, administered, monetized, maintained, licensed, or otherwise participated in the digital exploitation" of recordings.  (CC ¶ 140). These allegations do not identify any specific infringing act with the necessary precision.

A complaint that alleges merely that a defendant "participated" in undefined "exploitation,"

The Hachar Law Group
15150 NW 79th Ct., Suite 102, Miami Lakes, Florida 33016

as alleged in the instant matter, without specifying what the defendant did, when, and how, fails to state a claim for direct infringement. *Accessninja, Inc. v. Passninja, Inc.*, 2025 U.S. Dist. LEXIS 42536, at *12 (S.D. Fla. 2025). The Consolidated Complaint's disjunctive, group pleading is insufficient to establish that The Orchard engaged in any act of direct infringement, and all direct infringement counts against The Orchard must be dismissed accordingly.

## IV.   Plaintiff Fails to Plead Contributory or Vicarious Copyright Infringement Against The Orchard

Contributory Infringement

To prevail on a claim for contributory copyright infringement, the plaintiff must allege two elements: "(i) direct infringement and (ii) intentional inducement or encouragement." *Id.* at *12. To establish contributory copyright infringement, the plaintiff must allege that the defendant, with knowledge of specific infringing activity, induced, caused, or materially contributed to the infringing conduct of another. *Id.* at *11. "The standard for 'knowledge' is objective: the defendant must '[k]now, or have reason to know' of the infringing activity. To meet this standard, the plaintiff may describe the affirmative steps [defendant] has taken to encourage infringement." *Id.* at 12-13.

The Consolidated Complaint alleges only that "one or more Defendants had actual or constructive knowledge of the alleged infringing exploitation"—a group allegation directed at six defendants that fails to identify what The Orchard knew, when it knew it, or what it did to encourage any alleged infringement. The pre-suit notice identified by Plaintiff is insufficient to plead the required knowledge against The Orchard for the same reasons identified in the Sony Motion. (D.E. 52 at 17-18).

As such, the count for contributory infringement must be dismissed.

4

<u>Vicarious Infringement</u>

To establish vicarious copyright infringement, the plaintiff must demonstrate that the defendant had the right and ability to supervise the infringing conduct and a direct financial interest in that activity. *Perfect 10, Inc. v. Giganews, Inc.,* 847 F.3d 657, 673 (9th Cir. 2017).

The Consolidated Complaint fails to allege facts that either element exists as to The Orchard. Plaintiff alleges only that "one or more Defendants possessed the right and practical ability to supervise, control, suspend, remove, approve, authorize, or continue exploitation of the accused recording." This defective group pleading allegation identifies nothing specific as to The Orchard. (CC at ¶ 173).

Plaintiff similarly fails to allege a direct financial benefit causally connected to the alleged infringement of Plaintiff's specific works. The allegation that "one or more Defendants received a direct financial benefit from the alleged exploitation" is nothing more than an impermissible legal conclusion and does not sufficiently plead the required causal connection. *Perfect 10, Inc.* at 673.

## CONCLUSION

The Consolidated Complaint fails to state any claim against The Orchard. Accordingly for the reasons set forth herein and in the Sony Motion, which The Orchard expressly adopts and incorporates by reference, all claims against The Orchard must be dismissed with prejudice.

**The Hachar Law Group**
15150 NW 79th Ct., Suite 102, Miami Lakes, Florida 33016

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served by CM/ECF this 4th day of August 2026, to all parties on the service list.

The Hachar Law Group
15150 NW 79th Ct, Suite 102
Miami Lakes, Florida 33016
Telephone: (305) 200-1308

 /s/ *Kendrick Almaguer*
KENDRICK ALMAGUER
Florida Bar No. 55323
kendrick@hachargroup.com
MICHAEL MCCORMICK, JR., Esq.
Florida Bar No. 1002312
michael@hachargroup.com

*Attorneys for the Defendant*
*The Orchard*

6